# In the United States Court of Federal Claims

No. 15-429
(Filed:  3 August 2023)
NOT FOR PUBLICATION

```
*************************************
STUART NICHOLS AULD,                 *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER

**HOLTE, Judge**.

*Pro se* plaintiff Stuart N. Auld seeks to recover relocation expenses from the government following his termination as a probationary employee at the Bureau of Land Management.  In a 16 February 2023 Order, the Court granted the government's Motion for Summary Judgment and dismissed plaintiff's claims.  On 6 March 2023, plaintiff filed a motion for reconsideration and a renewed motion for rehearing pursuant to Rule 59 of the Rules of the Court of Federal Claims.  As plaintiff fails to meet the heightened burden for reconsideration, the Court denies plaintiff's Motion for Reconsideration, ECF No. 125, and Renewed Motion for Rehearing, ECF No. 126.

## I.  Background

On 28 April 2015, plaintiff filed a complaint alleging nine claims against the Bureau of Land Management ("Agency") after the Agency terminated plaintiff's employment.  *See* Compl., ECF No. 1.  In an amended complaint filed on 25 April 2016, plaintiff asserted only two claims: (1) "The [Agency] breached its employment agreement" with plaintiff by recovering relocation expenses, and (2) "[Agency]'s actions were arbitrary and capricious."  *See* Am. Compl. 8–10, ECF No. 28.  Plaintiff requested the advanced moving expenses recovered by the government, and for the Court to estop the Agency from "stack[ing] the [credit card] charges" against plaintiff.  Pl.'s Aff. & Decl. at 6, 8–9, ECF No. 54.

On 13 July 2016, the government filed two motions:  (1) a motion for summary judgment regarding Count I, pursuant to Rule 56 of the Rules of the Court of Federal Claims ("RCFC"), and (2) a motion to dismiss Count II, pursuant to RCFC 12(b)(1).  Mot. Summ. J & Dismiss at 1, ECF No. 35.  On 16 February 2023, the Court granted the government's Motion for Summary Judgment on Count I and granted the government's Motion to Dismiss on Count II.  16 Feb.

2023 Op. & Order at 13, ECF. No. 123.  In its Opinion and Order regarding Count I, the Court held "the government terminated plaintiff before the end of the twelve-month probationary period for reasons within his control, [so] the government is entitled to recover the funds it advanced related to the 'cost of travel, transportation, and other allowable expenses, including transportation and storage of household goods and personal effects.'" *Id.* at 11 (internal citations omitted).  The Court therefore held "no 'genuine dispute as to any material fact' exists and summary judgment in favor of the government is appropriate." *Id.* (internal citations omitted).  Regarding Count II, the Court held, "Due to plaintiff's probationary status and failure to provide money-mandating authority sufficient under the Tucker Act, the Court lacks jurisdiction to consider plaintiff's claim for an arbitrary and capricious employment action." *Id.* at 12.  On 6 March 2023, plaintiff filed a motion for reconsideration and a renewed motion for rehearing pursuant to RCFC 59.  *See* Mot. Recons., ECF No. 125; Renewed Mot. Reh'g, ECF No. 126.

## II.      Applicable Law

RCFC 59(a)(1) provides the Court may grant a motion for reconsideration or rehearing: "for any reason for which a new trial has heretofore been granted in an action at law in federal court[;]" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  "Under Rule 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).

"Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'"  *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd sub nom.* 250 F.3d 762 (Fed. Cir. 2000)).  A motion for reconsideration or rehearing "should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'"  *Seldovia Native Ass'n Inc. v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)).  "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018) (citing *Freeman v. United States*, No. 01-39, 2016 WL 943859, at *2 (Fed. Cl. Mar. 1, 2016), *aff'd,* 875 F.3d 623 (Fed. Cir. 2017)).  Deciding whether reconsideration or rehearing is appropriate "lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## III.     Plaintiff's Arguments

Plaintiff makes five arguments.  First, plaintiff asserts the Court, under the previous judge, granted his 12 March 2018 Motion for Leave to Amend Complaint in a 12 December

2018 Order.  *See* Mot. Recons. at 2.  Plaintiff then argues the Court's 16 July 2020 Opinion and Order "erroneously contradict[s] the previous Orders of th[e] Court."[1]  *Id.*

Second, plaintiff argues the Court improperly dismissed Count II for lack of subject-matter jurisdiction because plaintiff failed to prove money-mandating authority sufficient for Tucker Act jurisdiction, which plaintiff claims is a "FALSE statement and does not construe Plaintiff's FACTS as TRUE in a light most favorable to him[.]"  Renewed Mot. for Reh'g at 3–4, 8–12 (various bolding and underlining removed); *see* Mot. Amend. Compl., ECF No. 74. Plaintiff argues he provided several money-mandating statutes giving the Court jurisdiction under the Tucker Act.  *See* Renewed Mot. for Reh'g at 3 (citing 5 U.S.C. §§ 5332–33, 5335, 5596, 1491(a)(1)).  Plaintiff also cites caselaw allowing pay statutes to serve as the basis for Tucker Act jurisdiction.  *Id.* at 11 (citing *Scholl v. United States*, 61 Fed. Cl. 322, 323 (2004), *rev'd on other grounds*, *In re United States*, 463 F.3d 1328, 1333 (2006)).

Third, plaintiff contends, "Judge Holte, for no compelling or rational reason than not wanting to pay anything, can't see fit to Remand this case back to Defendant [Agency] to provide some semblance of justice for the federal employee who is NOT a probationary [employee] serving his "initial" 1yr. probationary period for the very 1st time."  Mot. Recons. at 8 (various bolding and underling removed).  Plaintiff then asks, "who is lieing [sic] about these genuine questions of material facts? Judge Whipple? Judge Holte? Or is this just some game of ping pong . . . [?]"  *Id.* (emphasis in original).  Plaintiff claims remand to the MSPB is appropriate because an effective "judicial review of the [Agency] decision would require that its record be supplemented with the [defendant's] omitted concealed docs as well as Plaintiff's arguments in defense that were not considered in the basis for the separation decision (nor a neutral forum provided)."  *Id.* at 3.

Fourth, plaintiff alleges the Court inappropriately decided Count I at summary judgment because discovery was incomplete, and a trial could result in a verdict in plaintiff's favor.  *Id.* at 4.  Plaintiff further states he "has a pending Motion to Supplement his Complaints which this Court never ruled on, thus Orders for dismissal or essentially for summary judgment, especially without a HEARING, are in appropriate [sic], especially when ongoing fraudulent concealment of records . . . are occurring."  *Id.* at 3 (emphasis in original).

Fifth, plaintiff cites seven federal regulations he argues "[were] definitely NOT done NOR even considered by this Court" and constitute "an intervening change in controlling law" requiring the Court to grant plaintiff's Motion for Reconsideration pursuant to RCFC 59(a)(1). Mot. Recons. at 15–18, 20 (citing *Biery*, 818 F.3d at 711) (various bolding and underling removed).  The regulations plaintiff cites include several Office of Personnel Management ("OPM") regulations specifying procedures for underperforming federal employees, including termination.  *Id.*

---

[1] In addition to misstating the record, plaintiff argues, without citing to case law, court rule, or statute, his status as a *pro se* litigant requires the Court to allow him "to correct his pleadings and be told how they are defective."  Mot. Recons. at 5.  The Court of Federal Claims holds *pro se* plaintiffs "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  While the Court may excuse ambiguities in a *pro se* plaintiff's complaint, the Court "does not excuse its failures, if such there be."  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  Plaintiff's claim the Court must allow him to amend his pleadings, regardless of the error, therefore, fails.  *Id.*

## IV.     Analysis

Plaintiff raises several issues within the Court's 16 February 2023 Opinion and Order granting summary judgment on Count I and dismissing Count II.  *See* 16 Feb. 2023 Order.  The Court reviews each argument in turn.

Plaintiff first argues the Court contradicted a previous order by the previously assigned judge regarding plaintiff's Motion for Leave to Amend Complaint.  *See* Mot. Recons. at 2.  In contrast to plaintiff's allegation, the previously assigned judge did not grant plaintiff's Motion for Leave to Amend Complaint, but stated, "Mr. Auld *may* file a motion for leave to amend his complaint . . . ."  12 Dec. 2018 Order, ECF No. 73 (emphasis added).  By allowing plaintiff to file a motion for leave to amend his complaint, the court did not issue a decision regarding whether it would grant such a motion.  *Id.*  The court's permission to *file* a motion to amend does not equate to *granting* a motion to amend.  Indeed, plaintiff proceeded to file a motion to amend complaint on 4 March 2019, *see* Mot. Amend Compl.  Accordingly, the Court did not commit a "clear . . . legal error" by contradicting a previous order as plaintiff contends.[2]  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)); *compare* 12 Dec. 2018 Order (stating "Mr. Auld may file a motion for leave to amend his complaint . . . ."), *and* Mot. Amend Compl., *with* 16 July 2020 Op. & Order at 12, ECF No. 97 (declaring plaintiff's "pursuit to amend his complaint is futile because this Court lacks jurisdiction to consider his numerous claims.  The Court therefore denies plaintiff's motion for leave to file a second amended complaint.") (emphasis omitted).  Plaintiff's argument does not demonstrate "sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion[,]" and fails to demonstrate the Court maintains subject-matter jurisdiction over his case; accordingly, reconsideration is not warranted.  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006); *Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674).

Second, plaintiff argues the Court improperly dismissed Count II for lack of subject-matter jurisdiction because plaintiff failed to prove money-mandating authority sufficient for Tucker Act jurisdiction, which plaintiff claims is a "FALSE statement and does not construe

---

[2] The question of whether a Court should grant leave to amend pleading is governed by RCFC 15, which permits a party to amend its pleadings as a matter of course either (A) within "21 days after service of the pleading"; or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier."  RCFC 15(a)(1).  If neither situation applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  RCFC 15(a)(2).  When the Court's leave is required to amend a pleading, RCFC 15(a)(2) instructs, "[t]he court should freely give leave when justice so requires."  "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Research., Inc.*, 401 U.S. 321, 330 (1971).  "Futility of the proposed amendment is an adequate reason to deny leave to amend."  *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000).  "A proposed amendment is futile if it would not survive a motion to dismiss."  *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd,* 702 F. App'x 988 (Fed. Cir. 2017).  "When a party faces the possibility of being denied leave to amend on the ground of futility, that party . . . must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).  The Court found plaintiff's "pursuit to amend his complaint is futile because this Court lacks jurisdiction to consider his numerous claims."  16 July 2020 Op. & Order at 12.

Plaintiff's FACTS as TRUE in a light most favorable to him[.]"  Renewed Mot. for Reh'g at 3–4, 8–12 (various bolding and underlining removed).  As the Court explained in its 16 February 2023 Order, this court once had jurisdiction over federal employment disputes under the Tucker Act, but in *United States v. Fausto*, the Supreme Court, looking to the Civil Service Reform Act of 1978[3] ("CSRA") held, "under the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination."  16 Feb. 2023 Order at 11 (citing *United States v. Fausto*, 484 U.S. 439, 454 (1988) (internal quotations omitted)).  The Court noted "the CSRA does not extend administrative or judicial review to non-preference members, such as probationary employees."  *Id.* (citing *Fausto*, 484 U.S. at 443)).  Ultimately, plaintiff's "probationary status limited his right of appeal to the MSPB[,]" which plaintiff did not pursue. *Id.* at 12–13 (citing *Read v. United States*, 254 F.3d 1064, 1066 (Fed. Cir. 2001) ("only the [MSPB], and not the Court of Federal Claims, is authorized to review removals of federal employees"); *Rehling v. United States*, 11 Cl. Ct. 334, 335–36 (1986), *aff'd,* 831 F.2d 305 (Fed. Cir. 1987)).  Even if plaintiff could bring a claim to the MSPB, "the United States Court of Appeals for the Federal Circuit, not this court, conducts judicial review of MSPB decisions."  *Id.* at 13 (citing 5 U.S.C. § 7703(2)(b)(1)(A)).  While plaintiff cites several federal pay statutes in his Renewed Motion for Rehearing, the Court reiterates its 16 February 2023 Order, where it concluded, "[e]ven if plaintiff fell within the definition of 'employee,' the relevant provisions [cited by plaintiff] are not money-mandating to provide this Court jurisdiction under the Tucker Act."  *Id.* (citing § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 401 (1976) (stating an alleged violation of federal employment laws does not "automatically create a cause of action against the United States for money damages").  Plaintiff's Count II argument does not warrant reconsideration because it fails to address the jurisdictional barrier arising from his probationary status, so the statutes he cites do not provide money-mandating authority under the Tucker Act. *See* Renewed Mot. for Reh'g at 3–4, 8–12.

Plaintiff additionally alleges a pay statute may serve as the basis of Tucker Act jurisdiction for a probationary employee.  *Id.* at 11–12.  While plaintiff correctly states, "[a] pay statute may serve as the basis of Tucker Act Jurisdiction" when he cites *Scholl v. United States*, *id.*, on appeal, the Federal Circuit clarified a money-mandating statute "only benefits an individual who actually holds the [employment] position . . . ."  *In re United States*, 463 F.3d at 1334 (citing *Testan*, 424 U.S. at 402 ("The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it.")   In other words, a probationary employee cannot benefit from Tucker Act jurisdiction until the probationary period has passed and the probationary employee becomes an employee.  *See id.*  Here, the Agency terminated plaintiff before his probationary status ended, so the Agency never "duly appointed" plaintiff to a government position.  *Id.*  Plaintiff's probationary status precludes the Court from having jurisdiction over his claim.  *Id.*; *see* 16 Feb. 2023 Order at 11.  For these reasons, plaintiff's Count II argument fails to demonstrate an intervening change in law, or a clear factual or legal error warranting reconsideration.  *Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674).

---

[3] Congress enacted CSRA to "create[] an elaborate new framework for evaluating adverse personnel actions against [federal employees,]" which includes the formation of the MSPB. *Fausto*, 484 U.S. at 443 (internal quotations omitted).

Third, plaintiff contends, "Judge Holte, for no compelling or rational reason other than not wanting to pay anything, can't see fit to Remand [sic] this case back to Defendant [Agency] to provide some semblance of justice for the federal employee who is NOT a probationary [employee] serving his 'initial' 1yr. probationary period for the very 1st time." Mot. Recons. at 8 (various bolding and underling removed).  Plaintiff then asks, "who is lieing [sic] about these genuine questions of material facts? Judge Whipple? Judge Holte? Or is this just some game of ping pong . . . [?]" *Id.* (emphasis in original).  Remand is only appropriate if an agency has a previous position on an issue. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1027–29 (Fed. Cir. 2001) (stating when an agency action is reviewed by the courts, the agency may take one of five positions, all of which relate to a previous agency decision).  No MSPB decision regarding plaintiff's claim exists, so the Court rejected plaintiff's argument for remand.  16 Feb. 2023 Op. & Order at 12 (citing *SKF USA Inc.*, 254 F.3d at 1028–29).  Plaintiff does not allege a board or agency decision to review, nor has one arisen since the Court's February 2023 decision; accordingly, reconsideration is not warranted. *See Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674).

Fourth, plaintiff alleges the Court inappropriately decided Count I at summary judgment because discovery was incomplete, whereas trial could result in a verdict in plaintiff's favor.  Mot. Recons. at 4.  Plaintiff further states he "has a pending Motion to Supplement his Complaints which this Court never ruled on, thus Orders for dismissal or essentially for summary judgment, especially without a HEARING, are in appropriate [sic], especially when ongoing fraudulent concealment of records . . . are occurring." *Id.* at 3 (emphasis in original).  As noted in the February Order, the Federal Circuit has held "[c]ontract interpretation is a matter of law and thus amenable to decision on summary judgment."  16 Feb. 2023 Op. & Order at 7 (citing *Gov't Sys. Advisors, Inc. v. United States*, 847 F.2d 811, 814 n.1 (Fed. Cir. 1988)).  When contract language is unambiguous, the plain language of the contract controls. *See Textron Def. Sys. v. Widnall*, 143 F.3d 1465, 1469 (Fed. Cir. 1998).  The contract here was unambiguous. *See* 16 Feb. 2023 Op. & Order at 8–11.  With the statutory language and the document, the Court was able to interpret adequately the contract's unambiguous language without discovery. *Id.* (citing RCFC 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Gov't Sys. Advisors, Inc.*, 847 F.2d at 814 n.1) (concluding "no 'genuine dispute as to any material fact' exists" after "applying the facts to the interpretation of the contract").  Count I required the Court to interpret the language of the employment contract between plaintiff and the Agency, so summary judgment was appropriate for Count I without additional discovery. *Gov't Sys. Advisors, Inc.*, 847 F.2d at 814 n.1.  Further, plaintiff does not allege additional facts or law changing the interpretation of the contract, so reconsideration is not warranted. *Id.*

Fifth, plaintiff cites seven federal regulations he argues "[were] definitely NOT done NOR even considered by this Court" and constitute "an intervening change in controlling law" requiring the Court to grant plaintiff's Motion for Reconsideration pursuant to RCFC 59(a)(1).  Mot. Recons. at 15–18, 20 (citing *Biery*, 818 F.3d at 711) (various bolding and underling removed).  All regulations, as cited by plaintiff, however, predate the Court's 16 February 2023 Opinion and Order.  Additionally, the regulations, with minor edits, have been effective since the Agency terminated plaintiff in 2010.  The regulations existed at the time of the filing of the Complaint and at the time the Court issued the 16 February 2023 Opinion and Order; therefore, the regulations cannot be considered intervening. *See Biery*, 818 F.3d at 711 (quoting *Young*, 94

Fed. Cl. at 674) (stating, "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law . . . .'"). Therefore, plaintiff failed to identify any intervening controlling law meriting reconsideration. *Id.*

In summary, for the Court to grant plaintiff's Motion for Reconsideration and Renewed Motion for Rehearing, plaintiff must demonstrate "extraordinary circumstances justifying relief[,]" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (internal quotations omitted)), which includes "an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674). As discussed *supra*, plaintiff fails to present any arguments demonstrating the requisite "extraordinary circumstances" needed to grant a motion for reconsideration, including "an intervening change in controlling law, . . . or a need to correct clear factual or legal error or prevent manifest injustice." *Caldwell*, 391 F.3d at 1235 (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300); *Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674) (internal quotations omitted).

## V.     Conclusion

The Court has considered all allegations in plaintiff's motions. The remainder of plaintiff's arguments are unpersuasive, meritless, repetitive, or unnecessary to resolving whether the Court should grant plaintiff's Motion for Reconsideration and Renewed Motion for Rehearing. Plaintiff fails to meet the heightened standard for the Court to grant a motion for reconsideration. Accordingly, the Court **DENIES** plaintiff's Motion for Reconsideration, ECF No. 125, and **DENIES** plaintiff's Renewed Motion for Rehearing, ECF No. 126.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge